UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID JOHN FORRETTE,

       Plaintiff,

v.                                                       Case No:   2:15-cv-573-FtM-38CM

FEDERAL AVIATION
ADMINISTRATION, E. ALAN
TUROW and FNU TILTON,

       Defendants.
_____/

## ORDER[1]

This matter comes before the Court on review of Plaintiff David John Forrette's Complaint filed on September 23, 2015. (Doc. #1).

*1. Warning to Forrette Regarding Proceeding Pro Se*

Because Forrette is proceeding *pro se,* the Court will first take the opportunity to inform him of some, but not all, procedural rules with which he must comply with in this legal proceeding. The Court reminds Forrette of these obligations because *pro se* litigants are subject to the same law and rules as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ("Rule(s)"), and the Local Rules of the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

United States District Court for the Middle District of Florida ("Local Rule(s)").[2] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

All pleadings and other papers tendered to the Court must be typewritten, double-spaced, in at least twelve-point type, on unglazed white 8 ½ x 11 paper, and with 1 ¼ inch margins. *See* M.D. Fla. Local Rule 1.05(a).

Forrette shall not correspond with the Court or any Judge in letter form.[3] In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, Judges will only deliver decisions and opinions in response to documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading or motion. See Fed. R. Civ. P. 7(a)-(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court must include a caption (the same as set forth in the operative complaint); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Forrette must bear an original signature of Forrette, or they will be rejected by the Court. Among other things, the signature serves as the party's certification that the document is not submitted for any

---

[2] All filings with the Court must be made in accordance with the Rules and Local Rules. The Local Rules are available for review on the Court's website at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Rules are available for review in law libraries of the state and federal courthouses.

[3] Forrette's Complaint (Doc. #1) included correspondence in letter format, but the Court will not accept letter-form correspondence going forward in the case.

improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. *See* Fed. R. Civ. P. 11(b). Forrette is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines. *See generally* Fed. R. Civ. P. 11.

All pleadings, motions, or other papers filed with the Court must include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail or hand delivery). Fed. R. Civ. P. 5.

All requests for relief from, or action by, the Court must be in the form of a motion. *See* Fed. R. Civ. P. 7(b). If Forrette seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, he must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* M.D. Fla. Local Rule 3.01(a). Motions and memoranda cannot exceed 25 pages without permission from the Court. *See* id.

Further, Forrette is advised that prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Forrette must include a certification in the motion that he has complied with this

requirement and shall also notify the Court whether the parties agree on the relief requested. Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

Forrette must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) requires briefs and legal memoranda in opposition to motions to be filed within 14-days after being served with such motion. Forrette must timely respond to the motions filed by other parties in this case, otherwise, the Court may assume he does not oppose that motion and the relief requested therein. If Forrette has missed a filing deadline, Forrette must file a motion seeking leave of Court to file the document out of time.

Forrette is advised that he must comply with many requirements and failure to do so can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. *See* Fed. R. Civ. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all requirements and should not be relied upon as limiting Forrette's duties and obligations. Forrette is directed to the Court's website at http://www.flmd.uscourts.gov. There is a section titled Proceeding without a Lawyer with additional helpful information.

   *2. Forrette's Complaint Violates the Federal Rules of Civil Procedure*

A review of Forrette's Complaint (Doc. #1) reveals that it violates even basic Federal Rules of Civil Procedure.  Rule 8(a) provides that "[a] pleading that states a claim

for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." The current Complaint is hand-written and illegible; Forrette must present a type-written complaint that satisfies Rule 8(a). Beyond that deficiency, the Complaint also lacks (1) facts relating to the claim; (2) grounds for the Court's subject matter jurisdiction; (3) grounds for the Court's personal jurisdiction over the named Defendants; (4) clearly-set out claims; and (5) a clear demand for the relief sought. (Doc. #1). Forrette must keep in mind that the purpose of a complaint "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010).

The Court will allow Forrette time to amend the Complaint in accordance with this Order.

Accordingly, it is now

**ORDERED:**

1. Plaintiff David John Forrette has until **Friday, October 9, 2015**, to file an amended complaint in accordance with this Order.

2. The Clerk of the Court is directed to mail a copy of this Order to Plaintiff David John Forrette.

**DONE** and **ORDERED** in Fort Myers, Florida, this 25th day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record